### WILLIAM H. SPEAR *vs.* CHARLES L. HANCOCK.

A. and B. in good faith entered into a written agreement reciting that A. was erecting a building on certain premises of which B. claimed to own and represent one quarter part, and providing that A. should pay over to B. one quarter of all the rents and income that might be received therefrom, and that B. should defray one quarter part of the expenses of erecting the building, and of repairs and taxes thereon, and that in case any part of the rents and income so paid over by A. to B. should be recovered of A. by any lawful owner of the interest claimed by B., then B. would refund the same to A., and bear a proportional share of defending suits at law to recover the same. *Held,* that A. was liable on this agreement to pay over to B. one quarter part of the rents and income received, no claim having been made by any other person therefor, although the claim of B. was unfounded, and A. was the sole owner of the premises, and executed the agreement under a misapprehension of his right and ownership in the premises; and also *to pay interest on the same, although no demand was proved.*

CONTRACT brought against the administrator of John Hancock, deceased, to recover one quarter part of the rent received by him from the tenants of certain premises.

At the trial in the superior court, before *Allen*, C. J., the plaintiff proved the execution by himself and the defendant's intestate of the following agreement:

" This agreement witnesseth that whereas John Hancock, Esquire, of Boston, is erecting a building on a certain piece of land situate in Blackstone Street, in said Boston, bounded northeasterly on said street, being the same premises demanded in the suit of *Hancock* v. *Wentworth*, 5 Met. 446, of which land William H. Spear of said Boston, merchant, claims to own and to represent one quarter part; now the said Hancock agrees to pay over to said Spear one quarter part of all rents and income that may be received from said building and said land, and from any other building erected on said land; and the said Spear agrees to defray one quarter part of the expenses of erecting said building, and of the necessary repairs thereon from time to time, and of the taxes of said land; and the said Spear also agrees that, in case any part of said rents and income so paid over to him shall be recovered from said Hancock by any lawful owner or owners of said portions of said land claimed to be owned by said Spear, he, said Spear, will refund the same to

said Hancock, and will also bear and defray his proportional part of the expenses incurred in defending against any suits at law, in which such parts so claimed by him may be recovered, he being in all cases duly notified of said suits. Dated at Boston, March 26, 1845."

The defendant admitted that this agreement was executed in good faith by both parties, and offered to prove that the plaintiff's claim was unfounded, and that John Hancock was the sole owner of the whole premises in Blackstone Street, and that the agreement was executed by him under a misapprehension of his right and ownership in the premises. The judge excluded the proof, on the ground that the agreement appeared to have been made for the purpose of a settlement of a claim by the plaintiff, and, if there was no fraud in it, it was binding upon the parties. It did not appear that any claim had been made upon John Hancock or upon the defendant by any other person than the plaintiff for any part of the premises or the rents thereof.

The plaintiff. introduced four different accounts of the rents of the premises rendered by John Hancock to the plaintiff between the date of the agreement and September 1854, and settled between them, in which interest was allowed. It appeared by the accounts that John Hancock from time to time, without objection from anybody, collected the rents and paid to the plaintiff one quarter part, with interest for non-payment when due. The plaintiff claimed to be allowed for interest on the rents sought to be recovered in this action, to which the defendant objected, as no demand was proved. The judge ruled that interest should be allowed.

Under the above rulings, a verdict was rendered for the plaintiff for a sum found upon a computation by the parties; and the defendant alleged exceptions.

*C. L. Hancock, pro se.*

*S. Wells,* for the plaintiff.

DEWEY, J. 1. The court see no ground for maintaining the defence to this action. The agreement entered into by the parties was a valid agreement, made upon sufficient consideration, and is binding upon them.

2. It was competent, upon the facts shown, to allow interest on the amount due to the plaintiff for breach of the contract to pay to the plaintiff one quarter part of the rents received from the premises. *Exceptions overruled*